ASUNCIÓN VARGAS, Plaintiff and Appellant, v. WORKMEN'S RELIEF COMMISSION, Defendant and Appellee.

No. 5067. Argued April 1, 1930.—Decided August 1, 1930.

Luis Mendín Sabat for appellant. James R. Beverley, Attorney General, and Emilio Aldrey, Assistant Attorney General, for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The plaintiff would be the beneficiary of José Martínez who was drowned at sea while under the services of the owner of a schooner. The appellee makes some point about José Martínez not being within the scope of his duties, but we think that a man who perishes at sea while working on a boat is within the scope of his duties, even though the accident occurs by reason of a storm. The sea and its perils are contemplated in this kind of employment and, the cases of Crespo v. Workmen's Relief Commission, 33 P.R.R. 794 and Rosado v. Workmen's Relief Commission, 35 P.R.R. 902, can be distinguished.

The vessel on which José Martínez traveled was wrecked. It seems to be conceded that if the wreck took place more than three miles away from the shores of Puerto Rico, the local courts would have no jurisdiction and a court of admiralty would. The appellant says that there was evidence tending to show that the shipwreck took place within the waters of

Puerto Rico. The Government says that the shipwrecked boat was found within the waters of Puerto Rico; that there was no evidence of where the accident took place; that the wind storm and tides might have carried the boat anywhere, and that the burden of proof was on the plaintiff to show where the accident happened.

The record, we think, sufficiently indicates that the duties of plaintiff's predecessor had been only to travel within the waters of Puerto Rico. Hence, when after an accident the boat is found within the said waters, these two facts are strong circumstantial evidence tending to show that the accident happened within the jurisdiction of Puerto Rico. The law of circumstantial evidence, where direct proof is impossible, does not exclude every contrary possibility.

We have assumed with the parties that the admiralty jurisdiction would be exclusive if the accident happened beyond the waters of Puerto Rico, but we have a doubt. The cases cited seem to show that admiralty jurisdiction attaches but not that it is exclusive of a case of this kind.

Evidence was excluded partially on the ground that after the act of the Commission, no new evidence could be presented in the court. We incline to the view that the court has a discretion, but we prefer to reserve a more definite decision to a different kind of case. We agree with the appellee that the person offering the evidence should show its importance. Furthermore, the appellant will have another chance.

The judgment should be reversed and the case remanded to the District Court of Humacao for a new trial.

Mr. Justice Aldrey and Mr. Justice Texidor took no part in the decision of this case.